UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Barbara A. Gibbs and Melvin E. Gibbs-Squires, | ) | C/A No.   4:13-cv-2938-MGL-KDW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| Bank of America NA; Nationstar Mortgage; Specialized Loan Servicing, *dba* SLS; Urban Settlement Services, *dba* Urban Lending Solutions; and Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, proceeding pro se, filed this private civil suit for damages against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 17 U.S.C. §§ 1961-1968. Plaintiffs complain Defendants conspired to prevent them from obtaining a loan modification that they believe was required as a condition of a government bailout. Plaintiff's purport to bring this as a class action. Compl., ECF No. 1.

On November 21, 2013, the court issued its order permitting the pro se Plaintiffs to serve this matter on all named Defendants. ECF No. 10.[1] The Order authorizing service ordered the Clerk of Court to issue summonses and send them to Plaintiffs. *Id.* at 1. The November 21, 2013 Order explained to Plaintiffs that they were responsible for serving the suit on Defendants within 120 days of November 21, 2013, the date on which the summonses were issued. *Id.* at 1-2. Federal Rule of Civil Procedure 4(m) provides that a complaint must be served on a defendant within 120 days of the filing of the complaint. If service is not effected within that 120-day

---

[1] The Order explained that service could not be effected on the "John Doe" Defendants as service can be effected only upon identified defendants. ECF No. 10 at 2.

period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that [non-served] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also instructs the court that it must extend the time of service for "an appropriate period" if plaintiff "shows good cause for the failure [to serve.]" *Id.* The November 21, 2013 Order authorizing service expressly advised Plaintiffs that if they had not served Defendants within the 120-day service deadline, unserved Defendants "may be dismissed without prejudice from this case." ECF No. 10 at 2.

Plaintiffs' 120-day deadline for serving the Complaint on Defendants expired on March 24, 2014. To date, Plaintiffs have provided no proof-of-service information to the court, nor have they otherwise contacted the court regarding this matter. If Plaintiffs wish to pursue this action, they must provide proof of service on Defendants no later than **April 15, 2014.** Otherwise, this action will be recommended for dismissal *with prejudice* for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

March 27, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge